IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP GARY WAGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1496 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Bissoon |
| LAWRENCE CHERBA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

### II. REPORT

Plaintiff Phillip Gary Wagman ("Plaintiff") is a State inmate confined to the State Correctional Institution at Rockview ("SCI-Rockview"). Plaintiff brings this cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*. In his Complaint, Plaintiff alleges violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States stemming from multiple Defendants' alleged failure to implement properly a "Doctor Advocate Prescription Monitoring Program" ("Harold Rogers Prescription Monitoring Program," or "HRPMP") in spite of allegedly receiving Federal funds to do so. Compl. (Doc. 3), at 2-3, 7. Plaintiff further characterizes Defendants' alleged acts and/or omissions, which precluded Plaintiff's proper involvement in Pennsylvania's HRPMP, as

1

constituting violations of the Supreme Court's holding in Brady v. Maryland, 373 U.S. 83 (1963), which led to his arrest in October, 2004, on narcotics charges.[1] Id. at 7, 13. Plaintiff was convicted of unspecified charges, and sentenced to a term of 19 to 45 years. Id. at 14. Plaintiff avers that he was unable to identify the Pennsylvania State HRPMP director for the fiscal year of 2003-2004 until his Pennsylvania Post Conviction Relief Act ("PCRA") hearing on August 3, 2010. Id. at 12-13.

This suit commenced with Plaintiff's filing of the Complaint with this Court on November 8, 2010. (Doc. 3), at 1. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on November 9, 2010. (Doc. 2).

A.      **Applicable Standard**

Title 28 of the United States Code, section 1915, establishes the criteria for allowing an action to proceed IFP, i.e., without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 Fed.Appx. 189, 190 (3d Cir.

---

[1] Plaintiff indicates that he was charged with violations of 35 P.S. § 780-113(a)(14), (Doc. 3) at 31, which, in October of 2004, criminalized

> "[t]he administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner or professional assistant under the practitioner's direction and supervision unless done (i) in good faith in the course of his professional practice; (ii) within the scope of the patient relationship; (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession."

2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Banks v. Mozingo, No. 1:08cv004, 2009 WL 497572, at *6 (W.D.Pa. Feb. 26, 2009) (Cercone, J.).

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

**B.** **Analysis**

**1.** **Statute of Limitations**

Plaintiff's pleadings indicate that the facts alleged in the Complaint took place, at the latest, in 2004. See, e.g., (Doc. 3) at 12-14. It is well established that the statute of limitations of any § 1983 claim is the forum State's statute of limitations for personal injury suits. Mumma v. High Spec, Inc., No. 09-4667, 2010 WL 4386718, at *2 (3d Cir. Nov. 5, 2010) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (*overruled on other grounds*)). The applicable statute of limitations in Pennsylvania is two years. 42 Pa.C.S.A § 5524.

The so-called "Third Circuit rule" allows for the *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B), of claims that, based on the face of the complaint, are barred by the statute of limitations. See Mumma, No. 09-4667, 2010 WL 4386718, at *2. A reading of the Complaint indicates that Plaintiff's cause of action under § 1983 with respect to any denial of access to the HRPMP – except to the extent that he alleges an unconstitutional conviction or sentence – accrued in 2004.[2] See, e.g., Wallace v. Kato, 549 U.S. 384, 391 (2007). For the purposes of tolling the statute of limitations, Plaintiff's averment that he did not know the name of one of the Defendants until August 3, 2010, see (Doc. 3), at 12-13, is unpersuasive. Plaintiff's own factual assertions indicate that it was his investigations into the HRPMP itself that led to his arrest in 2004 and, as such, knew or should have known enough to make his constitutional claim.[3] See id. ¶¶ 49, 75, 81; see also Mumma, No. 09-4667, 2010 WL 4386718, at *2. For these reasons, Plaintiff's claims should be dismissed as being time-barred.

### 2. **Analysis under *Heck v. Humphrey***

To the extent that Plaintiff's § 1983 action alleges that Defendants' acts or omissions call into question the validity of his criminal conviction, Plaintiff's claims are governed by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court determined that civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule:

---

[2] Of course, to the extent that Plaintiff seeks to recover for an unconstitutional conviction or sentence, his cause of action does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 489 – 90 (1994). However, for the reasons stated in Part II.B.2 of this Report, such claims should be dismissed as well.

[3] Additionally, even if this Court were to find merit in this argument, this would not excuse Plaintiff's late filing with respect to the other Defendants.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87.

In the case *sub judice*, the crux of Plaintiff's legal arguments is that Defendants' allegedly deficient administration of the HRPMP was the cause of Plaintiff's arrest and subsequent conviction.[4] See, e.g., (Doc. 3) ¶¶ 31, 35, 37, 38, 112. Plaintiff indicates in the complaint that he recently had a PCRA hearing, but he fails to relate the outcome of that hearing, and he further fails to demonstrate that his sentence has been invalidated by any other means. Consequently, in order to adjudicate the claims Plaintiff raises, this Court would be forced to implicate the validity of Plaintiff's conviction in State court. Plaintiff himself indicates in his Complaint that his claims under Section 1983 and Brady are inseparable. Id. ¶ 40. Consequently, Plaintiff's claims are not cognizable under Section 1983. Heck, 512 U.S. at 486-87. Additionally, it appears from the face of the complaint that any leave granted to Plaintiff to amend his Complaint would be futile at this point in time, under the Supreme Court's holding in Heck. Accordingly, Plaintiff's Complaint, even if it were not barred by the statute of limitations, should be dismissed.

---

[4] This reading of Plaintiff's complaint is supported by the fact that Plaintiff cites to Brady v. Maryland, 373 U.S. 83 (1963), a case involving the withholding of exculpatory evidence from a criminal defendant, in support of his claims. See Compl. (Doc. 3), at 14.

### 3. Allegations of Criminal Acts

Next, Plaintiff alleges that Defendants' conduct amounted to criminal acts under 18 U.S.C § 371, 18 U.S.C. § 666, and 42 U.S.C. § 3795. See (Doc. 3), at 45. These statutes do not create a private cause of action and, to the extent that Plaintiff seeks to recover under them, his Complaint should be dismissed.

### 4. State Law Claims

Finally, Plaintiff alleges that Defendants' acts or omission violated various State laws. (Doc. 3), at 34. Jurisdiction for this State law claim is predicated under the principle of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Under that statute, it is proper for a court, possessing original jurisdiction over related claims, also to exercise jurisdiction over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, under circumstances where a court has dismissed all claims that giving it original jurisdiction, the court may choose to decline supplemental jurisdiction over the remaining claims as well. 28 U.S.C. § 1367(c)(3).

This Court has recommended the dismissal of all of Plaintiff's federal question claims. As such, it is recommended that supplemental jurisdiction not be exercised over Plaintiff's State law claims, pursuant to 28 U.S.C. § 1367(c)(3), and these claims be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint (Doc. 3) be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by December 17, 2010. Failure to file objections by this date may constitute a waiver of any appellate rights.

                                                    s/Cathy Bissoon
                                                    CATHY BISSOON
                                                    UNITED STATES MAGISTRATE JUDGE

Date:   December 3, 2010

cc:
**PHILIP GARY WAGMAN**
GS-6408
S.C.I. at Rockview
Box A
Bellefonte, PA 16823-0820