**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PHILIP GARY WAGMAN,       )
                              )
           Plaintiff,     )     Civil Action No. 10-1496
                              )
     v.                    )     Judge Fischer
                              )     Magistrate Judge Bissoon
LAWRENCE CHERBA, *et al.*,    )
                              )
          Defendants.    )

## MEMORANDUM ORDER

Philip Gary Wagman ("Plaintiff") is a State prisoner who filed the instant lawsuit on November 8, 2010. (ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on November 9, 2010. (ECF No. 2). The matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges.

The magistrate judge issued a report and recommendation on December 3, 2010, recommending the preservice dismissal of this case pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). (ECF No. 10) at 1. Plaintiff timely filed objections to the report on December 16, 2010. (ECF No. 11).

Plaintiff argues in his objections that his claims, which the magistrate judge recommended dismissing as being outside of the statute of limitations, should be found to have accrued on August 3, 2010 – the date that he presented evidence regarding the existence of federal funding for a prescription drug monitoring program in Pennsylvania ("Harold Rogers Prescription Monitoring Program" or "HRPMP") during a hearing in his pending State post-conviction relief proceedings. Id. at 7. Pennsylvania subscribes to the so-called "discovery rule"

which tolls the accrual of the statute of limitations "'for situations in which a party, through no fault of . . . [their] own, does not discover [their] injury until after the statute of limitations normally would have run.'" Koehnke v. City of McKeesport, 350 Fed.Appx. 720, 723-24 (3d Cir. 2009) (quoting Debiec v. Cabot Corp., 352 F.3d 117, 129 (3d Cir. 2003)). For the statute of limitations to run under this rule, it is not necessary for a plaintiff to know the "exact nature" of his injury, as long as it objectively appears that he "is reasonably charged with the knowledge that he has an injury caused by another." Mest v. Cabot Corp, 449 F.3d 502, 510-11 (3d Cir. 2006) (quoting Ackler v. Raymark Indus., Inc., 551 A.2d 291, 293 (Pa.Super. 1988)). Additionally, it is the burden of the plaintiff to establish that he "pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." Mest, 449 F.3d at 511 (internal quotes and citations omitted).

Nowhere in the complaint, nor in his objections to the magistrate judge's report, does Plaintiff make any allegations that would support the conclusion that he could not have known of the denial of the constitutional rights that he alleges.[1] To the contrary, Plaintiff asserts that he was in communication with Defendants regarding the possible existence of the HRPMP in Pennsylvania prior to his arrest in 2004, and that these same Defendants were responsible for his criminal prosecution.[2] (ECF No. 3) at 12-13; see also (ECF No. 11) at 5. Plaintiff's own factual allegations regarding the constitutional injuries that he allegedly suffered as a consequence of being denied access to the HRPMP prior to his arrest (i.e., the denial of his rights under the First

---

[1] This, of course, applies only to those claims that already have accrued, and not to Plaintiff's claims that are barred by the Supreme Court's holding in Heck v. Humphreys, 512 U.S. 477 (1994). This Court expresses no opinion on when Plaintiff discovered evidence of the Brady violations that he alleges in his complaint.

[2] Plaintiff indicates in his objections that he was in contact with Defendants as early as 2002 regarding this program. (ECF No. 11) at 4.

Amendment's Free Speech clause and the Fourteenth Amendment's Due Process and Equal Protection clauses, see (ECF No. 11) at 8) indicate that the fact that he was suffering an injury was known to him, or should have been known to him, at the very latest, at the time of his arrest. Thus, it is clear from the face of the complaint that Plaintiff's alleged constitutional injuries accrued, at the latest, in 2004.

Plaintiff next argues, somewhat obliquely, that equitable tolling should apply to those claims in his complaint that are barred by the statute of limitations. Id. at 3-5. Equitable tolling is an extraordinary remedy to be provided sparingly, and only in situations "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994) (citing School District of City of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981)); see also LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). Equitable tolling is appropriate only where it is "demanded by sound legal principles as well as the interests of justice." Id. at 271 (internal quotes and citations omitted).

Plaintiff does not allege any extraordinary facts or circumstances in his complaint, or in his objections, that would justify the application of equitable tolling to his claims. Plaintiff asserts that he has been in contact with Defendants since before his arrest in 2004, see, e.g., (Doc. 3) ¶¶ 49, 75 and 81, and that, at worst, Defendants merely discarded his correspondence, see (Doc. 11) at 4. There is no indication that Plaintiff was impeded in any way from filing this cause of action in a timely manner with respect to his claims that accrued, at the latest, in 2004. Accordingly, this Court will not toll the statute of limitations.

Finally, Plaintiff asks this Court to place this case into abeyance until after his pending PCRA proceedings have been concluded. (ECF No. 11) at 12. Such action by his Court would affect only Plaintiff's claims that are currently barred by the Supreme Court's ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). This Court will not grant this request because, *inter alia*, these claims have not yet accrued. <u>See</u> <u>Heck</u>, 512 U.S. at 489-90.

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation (ECF No. 10), and the objections thereto (ECF. No. 11), the following ORDER is entered:

AND NOW, this 14th day of January, 2011,

IT IS HEREBY ORDERED that Petitioner's complaint (ECF No. 3) is DISMISSED.

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 10), as supplemented by this memorandum order, is adopted as the opinion of this Court.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction (ECF No. 6) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 8) is DENIED AS MOOT.

<u>s/Nora Barry Fischer</u>
Nora Barry Fischer
United States District Judge

cc:
**PHILIP GARY WAGMAN**
GS-6408
S.C.I. at Rockview
Box A
Bellefonte, PA 16823-0820

Magistrate Judge Bissoon